```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Bruce T. Carleton**

    **v.**                                     Case No. 15-cv-259-PB
                                                  Opinion No. 2016 DNH 087

**Carolyn W. Colvin,**
**Acting Commissioner,**
**U.S. Social Security**
**Administration**

## MEMORANDUM AND ORDER

Bruce Carleton challenges the Social Security Administration's denial of his claim for Disability Insurance Benefits ("DIB"). The Acting Commissioner, in turn, moves for an order affirming the decision. Because the ALJ ignored the requirements of SSR 83-20 and failed to call a medical advisor to determine the onset date of Carleton's disability, I determine that his decision was not supported by substantial evidence. As a result, I grant Carleton's motion and remand the case to the Commissioner for further proceedings consistent with this Memorandum and Order.

### I.   BACKGROUND

In accordance with Local Rule 9.1, the parties have submitted a joint statement of stipulated facts (Doc. No. 11). See LR 9.1. Because that joint statement is part of the court's

record, I need not recount it here.  I discuss facts relevant to the disposition of this matter as necessary below.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), I have the authority to review the pleadings submitted by the parties and the administrative record, and to enter a judgment affirming, modifying, or reversing the "final decision" of the Commissioner.  That review is limited, however, "to determining whether the [Administrative Law Judge] used the proper legal standards and found facts [based] upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).  I defer to the Administrative Law Judge's (ALJ's) findings of fact, so long as those findings are supported by substantial evidence. Id. Substantial evidence exists "'if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.'" Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam) (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).

If the substantial evidence standard is met, the ALJ's factual findings are conclusive, even where the record "arguably could support a different conclusion." Id. at 770.  Findings

are not conclusive, however, if the ALJ derived his findings by "ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam).  The ALJ is responsible for determining issues of credibility and for drawing inferences from evidence in the record.  Irlanda Ortiz, 955 F.2d at 769.  It is the role of the ALJ, not the court, to resolve conflicts in the evidence. Id.

### III. **ANALYSIS**

Bruce T. Carleton is a former laborer, pipefitter, power washer, boiler worker, and working foreman.  Doc. No. 11 at 2.  He was 48 years old on December 31, 2005, his date last insured. Id.  Carleton filed for DIB on August 13, 2012, claiming disability as of June 15, 2003.  Id. at 1.  The Social Security Administration denied his application, and in January 2014 a hearing was held before ALJ Jonathan Baird.  Id.  Following that hearing, the ALJ issued a written decision denying Carleton's application.  Tr. at 68-76 (ALJ's written decision).

The ALJ based his ruling on a determination that Carleton was not disabled prior to his date last insured, but made no finding of present disability.  To arrive at this conclusion, the ALJ employed the familiar five-step analysis described in 20 C.F.R. § 404.1520.  At step one, he found that Carleton had not

3

engaged in substantial gainful activity between June 15, 2003, his alleged onset date, and December 31, 2005, his date last insured. Tr. at 70. At step two, the ALJ determined that Carleton suffered from "degenerative disc disease with associated right leg symptoms," through his date last insured. Tr. at 70. The ALJ further noted that Carleton's condition was a "severe impairment," but at step three determined that the impairment did not meet or medically equal any of those listed in the relevant regulations. Tr. at 70-71. The ALJ then decided that Carleton retained the Residual Functional Capacity ("RFC") to perform light work with certain restrictions, such as only occasionally climbing ramps or stairs and avoiding concentrated exposure to excessive vibration. Tr. at 71. Based on this RFC, the ALJ found at step four that Carleton could not perform his past relevant work. Tr. at 74. Lastly, at step five, the ALJ consulted a vocational expert and concluded that Carleton could find work in the national economy as a price marker, order caller, or ticket seller, despite his limitations. Tr. at 75. The ALJ therefore concluded that Carleton was not disabled as of his date last insured. Tr. at 76.

Carleton requested review of the ALJ's decision, but in May 2015 the Appeals Council denied his request. Tr. at 1-4. As a result, the ALJ's decision constitutes the Commission's final decision, and this case is now ripe for review.

Carleton makes four general arguments challenging the ALJ's decision.  First, Carleton argues that the ALJ ignored medical evidence in his file that supported his claim.  Second, he claims that the ALJ wrongly concluded that his testimony at the hearing was not credible.  Third, he criticizes various aspects of the ALJ's instructions to the vocational expert, who testified that Carleton could perform certain jobs in the national economy despite his limitations.  And fourth, Carleton argues that the ALJ violated Social Security Ruling 83-20 by failing to consult a medical advisor to determine the onset date of Carleton's disability.  Carleton's fourth argument is persuasive, and requires a remand here.

In alleging that the ALJ ignored SSR 83-20, Carleton fashions what is now a well-worn argument in this court.  As I ruled previously in Ryan v. Astrue, 2008 DNH 148, Wilson v. Colvin, 17 F. Supp. 3d 128 (D.N.H. 2014), Fischer v. Colvin, 2014 DNH 227, and Warneka v. Colvin, 2015 DNH 071, SSR 83-20 "ordinarily requires the ALJ to consult a medical advisor before concluding that a claimant was not disabled as of [his] date last insured."[1]  Fischer, 2014 DNH 227, 17; see SSR 83–20, 1983

---

[1] As the Commissioner notes, the First Circuit is currently considering an appeal from Fischer.  See Fischer, 2014 DNH 227, appeal docketed, No. 15-1041 (1st Cir. Jan. 8, 2015).  As of the date of this order, however, the First Circuit has not handed down its ruling.  Accordingly, I continue to apply SSR 83-20 as

WL 31249 (Jan. 1, 1983). Because the ALJ failed to do so here, his finding was not supported by substantial evidence, and a remand is warranted.

I begin with the familiar framework of SSR 83-20. SSR 83-20 guides the determination of a disability's onset date. Warneka, 2015 DNH 071, 7. To establish when a disability began, the Ruling breaks disabilities into two general categories: those of "traumatic origin" and those of "nontraumatic origin." See SSR 83-20, 1983 WL 31249, at *1-*2. For disabilities of traumatic origin – like, say, emotional shock from a car accident – the onset date is generally uncomplicated: it occurs "the day of the injury." Id. at *2. For nontraumatic origin disabilities – like, say, a slowly-progressing form of anxiety – the "determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity." Id. Moreover, with "slowly progressive impairments," the Ruling notes that

> it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the proper onset date is particularly difficult, when, for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available. In such cases,

---

I and my colleagues have in the past unless and until the First Circuit instructs otherwise.

>   it will be necessary to infer the onset date from the
>   medical and other evidence. . .

Id.

Where "precise evidence" of onset is unavailable, SSR 83-20 ordinarily requires ALJs to call a medical advisor to infer the correct date. Id. at *3. In other words, if the evidence of onset is "ambiguous," the ALJ must generally call a medical advisor. May v. Soc. Sec. Admin. Com'r, 125 F.3d 841 (1st Cir. 1997)(per curiam)(unpublished table decision); see also Grebenick v. Chater, 121 F.3d 1193, 1200-1201 (8th Cir. 1997) ("If the medical evidence is ambiguous and a retroactive inference is necessary, SSR 83-20 requires the ALJ to call upon the services of a medical advisor. . . ."); Spellman v. Shalala, 1 F.3d 357, 362-63 (5th Cir. 1993) (same).

Here, the ALJ declined to call a medical advisor to infer Carleton's onset date. The Commissioner defends this decision by making two primary arguments. First, she disagrees with my reading of SSR 83-20 and argues that a medical advisor must only be called if "a claimant has been found presently disabled, and the onset date of the disability cannot be determined without drawing inferences from medical evidence." Doc. No. 9-1 at 8. And second, she contends that even if SSR 83-20 applies, the record here contains unambiguous evidence showing that Carleton was not disabled prior to his date last insured.

7

I reject the Commissioner's first argument for the same reasons that I explained in Ryan.  As I held there, the ALJ must still call a medical advisor to infer onset when, as in this case, he does not determine whether the claimant is presently disabled.  See Ryan, 2008 DNH 148, 17-20.  To hold otherwise would allow ALJs to avoid calling a medical advisor by sidestepping the question of present disability – which, in my view, violates the policy behind SSR 83-20.  See id. (discussing the policy underpinning SSR 83-20).

The Commissioner's second argument fails because the medical evidence of Carleton's disability was ambiguous.  In Fischer, I noted that "even a record that furnishes only weak support for a claim remains ambiguous." Fischer, 2014 DNH 227, 19.  Thus, if a record supports "any legitimate inference of disability prior to the date last insured," it "requires consultation with a medical advisor."  Id.

The evidence here was sufficient to meet this low bar. Carleton alleges that onset occurred on June 16, 2003, over a decade ago.  As the ALJ notes, however, "there is remarkably little evidence available prior to the claimant's date last insured of December 31, 2005."  Tr. at 72.  "In fact," he wrote, "there only appears to be two pieces of evidence total from prior to the date last insured."  Tr. at 72.  Nonetheless, although these treatment notes do not explicitly record a date

8

of onset, they do establish that Carleton had serious disc and back problems.  A June 2003 treatment note, for instance, indicates that Carleton suffered from an "annular tear with moderate disc bulge" that produced "persistent radicular leg pain [in] both legs."  Tr. at 696.  Carleton's March 2005 "progress note" indicated that he had suffered a "back injury" two years ago.  Tr. at 824.  These findings, at minimum, support a "legitimate inference of disability prior to the date last insured."  Fischer, 14 DNH 227, 19.

    Moreover, the ALJ's own decision reveals that the evidence prior to December 31, 2005 was ambiguous.  The ALJ notes that only two pieces of evidence existed from 2003 to 2005, but nonetheless concludes that "the limitations described in [Carleton's] residual functional capacity <u>were reasonably present prior to the date last insured</u>."  Tr. at 72 (emphasis added).  Later, the ALJ states that "[t]here is little evidence from prior to the claimant's date last insured to support a finding of disability," Tr. at 73, but "there is nonetheless sufficient evidence to warrant a finding of medically determinable severe impairments."  Tr. at 74.  While these findings do not, of course, conclusively establish that Carleton was disabled prior to his date last insured, they do show that there was sufficient evidence of his disability that the ALJ should have called a medical advisor to infer a date of onset.

9

SSR 83-20 explicitly addresses cases like these. "Determining the proper onset date is particularly difficult," the Ruling notes, "when . . . the alleged onset and the date last worked are far in the past and adequate medical records are not available." See SSR 83-20, 1983 WL 31249, at *2.  This is such a case.  The alleged onset date and the date last worked were both more than a decade before the ALJ's hearing.  As a result, the ALJ should have followed the dictates of 83-20 and called a medical advisor to infer the date of onset.  The ALJ's failure to do so was erroneous and necessitates a remand.

### IV.  CONCLUSION

Carleton's motion to reverse the decision of the Commissioner (Doc. No. 6) is granted.  The Commissioner's motion to affirm (Doc. No. 9) is denied.  Pursuant to sentence four of 42 U.S.C. § 405(g), I remand the case to the Social Security Administration for further proceedings consistent with this decision.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

April 29, 2016

cc:  Christine Woodman Casa, Esq.
     Michael T. McCormack, Esq.